# IN THE MATTER OF THE ESTATE OF HIKAALANI HOBRON NOHOLOA, DECEASED.

APPEAL FROM CIRCUIT JUDGE, SECOND CIRCUIT.

SUBMITTED FEB. 11, 1907.        DECIDED FEB. 12, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

WILL—*construction—nonapplication of ejusdem generis rule.*

A gift to husband of "all property known belonging to me and appearing in my name, situate at K., with intention to bequeath the same as hereinafter described: One bay mare, one black mare, one frame wooden house and other houses owned by me, as well as all other property owned by me," carries real estate in Honolulu, there being no reason for applying the ejusdem generis rule restricting the latter clause to property at K. in order to effectuate expressed intention.

OPINION OF THE COURT BY HARTWELL, J.

The decedent died at the leper settlement leaving personal property there valued at $600 and land in Honolulu, assessed for taxes at $3400, leased at $340 a year with rental in the hands of J. A. Magoon said to amount to $500. Upon the petition of the husband and sole devisee the will was admitted to probate and letters of administration were granted to Enoch Johnson, the judge denying the petition of the appellant, a niece and heir

at law of the decedent, for administration on the estate in Honolulu which, as she claims, is not disposed of by the will.

The will, written in the Hawaiian language, is translated as follows:

"I, the undersigned, a Leper residing at Kalaupapa, Island of Molokai, Territory of Hawaii, do make this my last will for all property known belonging to me and appearing in my name, situate at Kalaupapa aforesaid, with good will (or intention) to hereby bequeath the same as hereinafter described: One gray horse, one bay mare, one black mare, one frame wooden house and other houses owned by me, as well as all other property owned by me, to my husband David Noholoa, residing at Kalaupapa aforesaid, to him and to his heirs, administrators and executors forever; renouncing all claims that my relatives may set up in law to this."

The appellant claims that only the Kalaupapa property is disposed of by the will, that the gift is restricted by the words "the same as hereinafter described" to the horses and houses mentioned and that the expression "as well as all other property owned by me" is merely a general phrase to include what may have been omitted in the specific description under the introductory words expressing an intention to dispose of the specified property only. She correctly says that the addition of the words "situate at Kalaupapa" after the words "as well as all other property owned by me" would "simplify an interpretation of the will." They would add materially and, we think, unwarrantably to its expressed intention for we see no ground for finding in it an intention to dispose of no property except that which is specifically named. The original of the will shows more clearly than does the evidently defective translation that the intention was to dispose of "also all the other property known to be mine." The decedent evidently knew well what her property at Kalaupapa was and there is no reason to suppose that she did not know of the property in Honolulu. To hold that because certain personal property is enumerated no other would pass under the expression "all other property" would be an application of the ejusdem generis rule, not to effectuate but to defeat

the expressed intention. "Judges of the present day," it is said, prefer the rule "which gives to words of a comprehensive import their full extent of operation, unless some very distinct ground can be collected from the text for considering them as used in a special and restricted sense. 1 Jarman on Wills, 6 Ed., 735.

Decree appealed from affirmed.

*E. C. Peters* for appellant.

*Holmes & Stanley* and *C. H. Olson* for appellee.